D. D. EVINS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32630. Promulgated September 11, 1931.

*G. E. Brammer, Esq.,* and *L. Call Dickinson, Esq.,* for the petitioner.

*Byron M. Coon, Esq.,* for the respondent.

OPINION.

LANSDON: This appeal is companion to the case of *Frank W. Elliott* v. *Commissioner*, decided by us this date, to which reference is made for a more complete discussion of the facts, issues, and reasons for our decision. The petitioner seeks relief from an alleged deficiency of $26,237.87 in income tax which the respondent has asserted against him for 1924, on account of his having failed to report as taxable income for that year receipts, amounting to $103,233.49, which he collected from the Palmer School of Chiropractic under circumstances as follows:

The petitioner is the inventor of a certain device used by practitioners of chiropractic known as a "neurocalometer," for which, in 1924, he had applications for a patent pending in the United States Patent Office. Early in that year he sold a one-half interest in his rights in said invention to Frank W. Elliott; and in June, following, he and Elliott joined in a leasing contract to the Palmer School of Chiropractic of Davenport, Iowa. Under the terms of this lease the school was given exclusive rights to manufacture, sell and lease neurocalometers in the United States and elsewhere, in consideration of payments to the petitioner and Elliott of 20 per cent of the gross receipts derived by the school from such manufacture, sales or leases "as received in cash." In 1924 the school paid to the petitioner, as his one-half of the royalties under said contract, the sum of $105,930.91, of which the petitioner returned as taxable income for that year but $2,597.91, claiming that because of certain restrictions in the lease agreement the unreported balance was impressed with a trust in favor of their lessee. We have studied carefully the contracts involved in these proceedings and considered the collateral matters affecting these payments at some length in the companion case of *Elliott* v. *Commissioner*, *supra*, and find no bases for the exemptions here claimed by this petitioner respecting these funds. In the above mentioned case we held that the payments made to Elliott in 1924 under this contract passed title to him as and when made; and that the whole of said sum constituted taxable income to him in said year. Consistent with that finding, we now sustain the action of the respondent in this proceeding.

*Decision will be entered for the respondent.*